IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY GENE FRETWELL, JR.,<br>AIS #271678, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-836-WHA |
| | ) | (WO) |
| | ) | |
| BILL WYNNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Larry Gene Fretwell, Jr. ("Fretwell"), an indigent state inmate.  *Doc. No. 1*.  In the

complaint, Fretwell alleges that the Alabama Board of Pardons and Paroles refuses to

provide him a parole consideration date with respect to the sentence imposed upon him by

the Circuit Court of Lawrence County, Alabama for a first degree sodomy conviction

imposed upon him on May 7, 2009.[1]  Specifically, Fretwell alleges that the Parole Board

has denied him a parole consideration date throughout his incarceration "based upon a sex

case involving a victim under the age of 12 . . . [which] leaves [him] with a mandatory 60

---

[1] A grand jury for Lawrence County issued an indictment in August of 2007 which charged that Fretwell, "a male being 16 years old or older, did engage in deviate sexual intercourse with [B. F.], a female who was less than 12 years of age in violation of Section 13A-6-63 [of] the Code of Alabama[.]"  *Exh. B to the Defendants' Special Report - Doc. No. 15-2.*  The sexual offense underlying the indictment and Fretwell's subsequent sodomy conviction was committed against his eight-year old niece sometime in May of 2007.  *Exh. C to the Defendants' Special Report - Doc. No. 15-3* at 1-2.

years which the Judge (Mark Craig) did not order." *Complaint - Doc. No. 1* at 3-4. Fretwell also challenges the application of *Ala. Code* §15-22-27.3, enacted in 2005, which precludes parole eligibility for "any person convicted of a sex offense involving a child" less than 12 years of age, to this case as violative of the Ex Post Facto Clause. *Complaint - Doc. No. 1* at 4. The defendants in this cause of action are Bill Wynne, Robert P. Longshore and Clifford Walker, members of the Alabama Board of Pardons and Paroles. Fretwell seeks a declaratory judgment and injunctive relief. *Id.*

The defendants filed a special report and supporting evidentiary materials addressing Fretwell's claims for relief. In this filing, the defendants deny they acted in violation of Fretwell's constitutional rights with respect to the denial of parole consideration.

Upon receipt of the defendants' special report the court issued an order directing Fretwell to file a response to the report including affidavits or statements made under penalty of perjury and other evidentiary materials. *Order of January 9, 2014 - Doc. No. 19* at 2. This order specifically cautioned Fretwell that unless "**sufficient legal cause**" is shown within fifteen days of entry of this order "**why such action should not be undertaken**, . . . the court may at any time [after expiration of the time for his filing a response to this order] and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with law." *Id.* at 2-3. Fretwell filed no response to this order within

the time prescribed by the court. *Id.* at 1 (plaintiff's response due on or before January 30, 2014).

Pursuant to the January 9, 2014 order, the court deems it appropriate to treat the defendants' report as a motion for summary judgment. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of the defendants' motion for summary judgment, the undisputed evidentiary materials filed in support thereof, including documents contained in the state court record of Fretwell's sodomy conviction, and the sworn complaint, the court concludes that summary judgment is due to be granted in favor of the defendants.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id.* "'Shall' is also restored to express the direction to grant summary judgment." *Id.* Despite these stylistic changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (moving party has initial burden of showing there is no genuine dispute of material fact for trial). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims presented by the plaintiff. Based on the foregoing, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery*, 64 F.3d at 593-594 (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file,"

demonstrate that there is a genuine dispute of material fact.). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of [parole] authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). To proceed beyond the summary judgment stage, an inmate-plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations

based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . ., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment. . . ."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (summary judgment appropriate where no genuine dispute of material fact exists). At the summary judgment stage, this court must "consider all evidence in the record . . . [including] pleadings, depositions, interrogatories, affidavits, etc. -- and can only grant

summary judgment if everything in the record demonstrates that no genuine [dispute] of material fact exists." *Strickland v. Norfolk Southern Railway Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. ZenithRadio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a

requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Fretwell v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

The court has undertaken a thorough and exhaustive review of all the evidence contained in the record. After such review, the court finds that Fretwell has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendants.

## III. DISCUSSION

### A. Material Facts

Fretwell is currently confined in the custody of the Alabama Department of Corrections on a sentence of sixty years imposed upon him on May 7, 2009 by the Circuit Court of Lawrence County, Alabama for a conviction of first degree sodomy arising from a sexual offense committed against an eight-year old child in May of 2007. At sentencing, due to the nature of this conviction, the trial court specifically informed Fretwell of the application of *Ala. Code* §15-22-27.3 to his case and found "that the adjudication of guilt

and the attendant conviction is for a 'criminal sex offense' . . . in which the victim was a child under the age of 12, the Court finding by the applicable standard that the child at the time of the offense was 8 years old, and thus, the instant conviction is a conviction for 'criminal sex offense involving a child'[.]" *Exh. A to the Defendants' Special Report - Doc. No. 15-1* at 1.  The trial court further advised Fretwell that the sentence imposed "is not eligible for parole." *Id.* at 2.

## B.  Denial of Parole Consideration

The undisputed state court record of Fretwell's sodomy conviction demonstrates that the trial court sentenced Fretwell to sixty years without eligibility for parole as required by the directives of state law in effect at the time of his offense.  Based on the sentence imposed upon Fretwell, the defendants have no authority to consider him for parole.  Consequently, Fretwell is entitled to no relief on this claim.

## C.  Ex Post Facto

Fretwell requests that "the Parole Board not [be allowed] to retroactively apply the statute barring [him] from parole consideration to [his] case." *Complaint - Doc. No. 1* at 4.  Fretwell alleges that application of *Ala. Code* § 15-22-27.3, enacted in 2005 prior to his commission and conviction of the sodomy offense, to bar him from parole consideration implicates the protections guaranteed by the Ex Post Facto Clause of the United States Constitution.  "The heart of the Ex Post Facto Clause . . . bars application of a law 'that changes punishment, and inflicts greater punishment, than the law annexed to the crime when committed[.]'" *Johnson v. United States*, 529 U.S. 694, 699 (2000) (citing *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)); *Garner v. Jones*, 529 U.S. 244, 249

(2000) ("The States are prohibited from enacting an ex post facto law [by Article I, § 10 of the Constitution]. . . .   [T]he Ex Post Facto Clause . . . bar[s] enactments which, by retroactive operation, increase the punishment for a crime after its commission."); *McGuire v. Strange*, 83 F. Supp. 3d 1231, 1245 (M.D. Ala. 2015); *Lynce v. Mathis*, 519 U.S. 433, 439–40, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) (The Ex Post Facto Clause "forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325, 18 L.Ed. 356 (1866)). As the Supreme Court has explained, the Ex Post Facto Clause is but one expression of the "deeply rooted" jurisprudential "presumption against the retroactive application of new laws.").

In light of the foregoing, to proceed on an ex post facto claim of the sort presented in this case, a plaintiff "must show both that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and that it raises the penalty from whatever the law provided when he acted."  *Johnson*, 529 U.S. at 699.  Thus, for Fretwell to obtain relief, he must demonstrate that the statute challenged in this case, *Ala. Code* § 15-22-27.3, was enacted ***after*** the commission of his 2007 sexual offense and, if so, it was applied retroactively to increase his punishment.

It is undisputed that the legislature enacted *Ala. Code* § 15-22-27.3 in 2005 prior to Fretwell's commission of first degree sodomy and, as such, this statute constituted the law in effect at the time Fretwell committed the sexual offense against a child.  Thus, the ex post facto claim presented by Fretwell is without merit as the trial court did not

retroactively apply a new law at sentencing; rather, it applied the law in effect at the time of Fretwell's commission of the sexual offense in imposing sentence upon him. The defendants are therefore entitled to summary judgment on the Ex Post Facto challenge to the denial of parole consideration.[3]

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be DISMISSED with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before May 12, 2016 the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[3]If the plaintiff seeks to challenge the constitutionality of the sentence imposed upon him by the trial court as excessive, the "exclusive remedy" for such a claim is a 28 U.S.C. § 2254 petition for habeas corpus relief. *Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of April, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE